UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    **SEALED INDICTMENT**

       -v-                           :    S2 05 Cr. 708 (AKH)

ALVARO ARDILA-ROJAS,               :
    a/k/a "Mickey,"
NELLIE AGUDELO-PIEDRAHITA,         :
    a/k/a "Gina,"
DAVID DONADO,                      :
DENISE DONADO, and
JONATHAN SALAZAR,                  :
                  Defendants.
                                   :

- - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 8 2005

## COUNT ONE
(Money Laundering Conspiracy)

    The Grand Jury charges:

    1.   From in or about November 2004, up to and including in or about July 2005, in the Southern District of New York and elsewhere, ALVARO ARDILA-ROJAS, a/k/a "Mickey," NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," DAVID DONADO, DENISE DONADO, and JONATHAN SALAZAR, the defendants, and others known and unknown, unlawfully, wilfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 1956(a)(1)(B) of Title 18, United States Code.

    2.   It was a part and an object of the money laundering conspiracy that ALVARO ARDILA-ROJAS, a/k/a "Mickey," NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," DAVID DONADO, DENISE DONADO, and JONATHAN SALAZAR, the defendants, and co-conspirators

not named as defendants herein, in an offense involving and affecting interstate and foreign commerce, knowing that property involved in certain financial transactions, to wit, the receipt, custody and transfer of United States currency which represented the proceeds of some form of unlawful activity, unlawfully, wilfully, and knowingly would and did conduct and attempt to conduct financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Section 1956(a)(1)(B)(i) of Title 18, United States Code.

### Overt Acts

3.  In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

a.  On or about December 7, 2004, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, participated in discussions regarding, among other things, the transportation of approximately $10,000,000 in drug proceeds from New York to Mexico and Colombia.

    b. On or about February 25, 2005, ALVARO ARDILA-ROJAS, a/k/a "Mickey," the defendant, agreed to assist in the transportation of narcotics proceeds from New York to Mexico and further agreed to send DAVID DONADO, the defendant, to New York to conceal and transport these narcotics proceeds.

    c. On or about March 20, 2005, DAVID DONADO, and DENISE DONADO, the defendants, discussed the concealment and transportation of million dollar quantities of drug proceeds from New York to Mexico and supplied materials and devices that would be used to package and conceal the narcotics proceeds.

    d. In or about June 2, 2005, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," and JONATHAN SALAZAR, the defendants, traveled to a meeting in the Bronx, New York, and discussed the receipt of narcotics proceeds.

    e. On or about June 2, 2005, in the Bronx, New York, JONATHAN SALAZAR, the defendant, received a bag containing $1,000,000 in narcotics proceeds.

  (Title 18, United States Code, Section 1956(h) and 2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

  4. As a result of committing the foregoing offense alleged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1956(h), ALVARO ARDILA-ROJAS, a/k/a "Mickey," NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," DAVID

DONADO, DENISE DONADO, and JONATHAN SALAZAR, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

      a.    A sum of money no less than $35,000,000 in United States currency, in that such sum in the aggregate is property which was involved in the money laundering conspiracy offense, or is traceable to such property for which the defendants are jointly and severally liable.

### Substitute Assets Provision

      5.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

          a.    cannot be located upon the exercise of due diligence;

          b.    has been transferred or sold to, or deposited with, a third party;

          c.    has been placed beyond the jurisdiction of the court;

          d.    has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

 (Title 18, United States Code, Section 982 and Title 18, United States Code, Section 1956).

## COUNT TWO

### (Narcotics Importation Conspiracy)

 The Grand Jury further charges:

 6. From in or about 1996, up to and including the present, in the Southern District of New York and elsewhere, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, and others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

 7. It was a part and an object of such conspiracy that NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of

Sections 812, 952(a) and 960(a)(1) and 960(b)(1)(B)(ii) of Title 21, United States Code.

      8. It was a further part and an object of the conspiracy that NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, knowing and intending that the substance would be unlawfully imported into the United States, or into waters within a distance of 12 miles of the coast of the United States, in violation of Sections 812, 959(a), and 960(b)(1)(B)(ii) of Title 21, United States Code.

Overt Acts

      9. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts were committed in the Southern District of New York and elsewhere:

      a. In or about the spring of 2001, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, received approximately 150 kilograms of cocaine in Mexico and arranged for that cocaine to be transported to the Bronx, New York.

      b. In or about June 2004, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, arranged for approximately 21 kilograms of cocaine to be transported across

the United States border at Eagle Pass, Texas and into the United States.

   c. In or about January 2005, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, arranged to transport approximately 184 kilograms of cocaine from Mexico to New York.

   (Title 21, United States Code, Section 963.)

## COUNT THREE

### (Narcotics Distribution Conspiracy)

The Grand Jury further charges:

   10. From in or about 1996, up to and including the present, in the Southern District of New York and elsewhere, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

   11. It was a part and an object of the conspiracy that NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

<u>Overt Acts</u>

12.     In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts were committed in the Southern District of New York and elsewhere:

 a.     In or about the spring of 2001, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, received approximately 150 kilograms of cocaine in Mexico and arranged for that cocaine to be transported to the Bronx, New York.

 b.     In or about June 2004, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, arranged for approximately 20 kilograms of cocaine to be transported across the United States border at Eagle Pass, Texas and into the United States.

 c.     In or about January 2005, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, arranged to transport approximately 184 kilograms of cocaine from Mexico to New York.

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE**

13.     As a result of committing one or more of the controlled substance offenses alleged in Counts Two and Three of this Indictment, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from

any proceeds that the said defendant obtained directly and indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts One and Two of this Indictment, including, but not limited to, the following:

$10 million, which represents the proceeds obtained as a result of the controlled substance offenses for which the defendant is liable.

### Substitute Assets Provision

14. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant--

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 812, 841(a)(1), 846, 853, 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 963.)

_____     _____
FOREPERSON                  MICHAEL J. GARCIA
                            United States Attorney

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ALVARO ARDILA-ROJAS,
    a/k/a "Mickey,"
NELLIE AGUDELO-PIEDRAHITA,
    a/k/a "Gina,"
DAVID DONADO,
DENISE DONADO,
JONATHAN SALAZAR,

Defendants.

INDICTMENT

S2 05 Cr. 708

Title 18, United States Code,
Section 1956(h) and 21 U.S.C. §§ 812, 952
    960(a)(1), 960(b)(1)(B) and 963.

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.

Nov 8, 2005/8
Filed Superceded Indictment in S2 05 CR 708 (AKH)
                                    Freeman, USMJ